UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                              Plaintiff,

v.                                            Case # 16-CR-46-FPG

                                              DECISION & ORDER

EUGENE GOSY,
                              Defendant.
_____

      The Government has requested district court review of a decision by United States Magistrate Judge Kenneth Schroeder, Jr. (the "Magistrate Judge") to deny the Government's Motion for Determination of Conflict of Interest. ECF No. 17. In its initial Motion, the Government argued that a potential conflict of interest exists between Defendant Eugene Gosy and his attorney Jesse Baldwin due to the fact that a September 22, 2009 letter written by Mr. Baldwin on behalf of the Defendant is part of the Government's proof in this case. ECF No. 11. The Government's position is that introduction of this letter may require Mr. Baldwin to serve as a fact witness should this case proceed to trial. *Id.* In denying the Government's Motion, the Magistrate Judge determined that no conflict of interest exists between Defendant and Mr. Baldwin because the letter "would be admissible under the rules of evidence as a business record received in the ordinary course of business." ECF No. 16, at 12.

      Because the Magistrate Judge made this decision pursuant to his authority under 28 U.S.C. § 636(b)(1)(A), this Court will review that decision to determine whether it was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local R. Crim. P. 59(b)(1).

It is well-settled that the Sixth Amendment's right to counsel includes a right to representation that is "free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). As explained by the Second Circuit in *United States v. Levy*, 25 F.3d 146, 153-54 (2d Cir. 1994), this right creates two distinct obligations for the court when "the specter" of a conflict of interest arises:

> *1. "Inquiry" obligation.* When a district court is sufficiently apprised of even the possibility of a conflict of interest, the court first has an "inquiry" obligation. *See Wood,* 450 U.S. at 272–73, 101 S.Ct. at 1103–04; *Cuyler,* 446 U.S. at 347, 100 S.Ct. at 1717–18; *Holloway,* 435 U.S. at 484, 98 S.Ct. at 1178–79. The court must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all. *See Strouse v. Leonardo,* 928 F.2d 548, 555 (2d Cir.1991) ("In order to protect a defendant's right to conflict-free counsel, the trial court must initiate an inquiry when it knows or reasonably should know of the possibility of a conflict of interest."); *see also United States v. Aiello,* 814 F.2d 109, 113 (2d Cir.1987) (Sixth Amendment "imposes a duty upon a trial court to inquire").
>
> *2. "Disqualification/waiver" obligation.* Whenever the court's inquiry reveals that a criminal defendant's attorney in fact suffers from an actual or potential conflict, the court has a subsequent "disqualification/waiver" obligation. If the court discovers that the attorney suffers from a severe conflict—such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation—the court is obliged to disqualify the attorney, *see Fulton,* 5 F.3d at 612–14. If the court discovers that the attorney suffers from a lesser or only a potential conflict—such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation—the court should follow the procedures set out in *Curcio,* 680 F.2d at 888–90, in order to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer, *see United States v. Iorizzo,* 786 F.2d 52, 58–59 (2d Cir.1986). If the court's inquiry reveals that there is no genuine conflict at all, the court has no further obligation.

*Id*. If the court does not fulfill its inquiry obligation, reversal is automatic. *Id.* At a *Curcio* hearing, the court "(1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the

defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them." *United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

Here, the Magistrate Judge's determination is problematic for two reasons. First, the Magistrate Judge's analysis of the evidentiary issue regarding admissibility of the September 22, 2009 letter is mistaken. Rule 803(6) of the Federal Rules of Evidence, the so-called business records exception, requires someone to testify that the record *was made* by someone with knowledge and that *making the record* was a regular practice of that business. *See* FRE 803(6). A records custodian from the Workers' Compensation Board, who received the letter from Mr. Baldwin, would not be able to testify that these conditions are satisfied.

Second, and most importantly, the Magistrate Judge did not sufficiently inquire into the potential for conflict between the Defendant and Mr. Baldwin. Reversal is automatic when the court fails to fulfill its inquiry obligation. *Levy*, 25 F.3d at 154. On September 8, 2016, this Court heard argument from both parties regarding the Government's objection to the Magistrate Judge's decision.[1] Although the extent to which a conflict exists is unclear at this time, it is evident that further investigation is necessary. Mr. Baldwin's representation of the Defendant in this case is potentially problematic not only because Mr. Baldwin may be called to testify as a fact witness, but also because the Defendant may want to raise a defense—such as good faith reliance on the advice of counsel—that puts his interests at odds with Mr. Baldwin's.

---

[1] The Court also appointed independent counsel for the purpose of advising the Defendant regarding the potential for a conflict between Mr. Baldwin and the Defendant. ECF No. 27. On September 29, 2016, the Court heard further argument and reserved decision. ECF No. 28.

For those reasons, the Magistrate Judge's denial of the Government's Motion for Determination of Conflict of Interest is REVERSED and this matter is REMANDED to the Magistrate Judge for a *Curcio* hearing or other appropriate inquiry.

IT IS SO ORDERED.

Dated: November 15, 2016
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　HON. FRANK P. GERACI, JR.
　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court