**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                  **Criminal No. 16-CR-46G**

**EUGENE GOSY,**

      **Defendant.**
_____

## DECISION AND ORDER

      The defendant, a physician licensed to practice in New York, was arraigned on an indictment charging him with 114 counts of conspiracy to distribute controlled substances; unlawful distribution of controlled substances; conspiracy to commit health care fraud; and health care fraud. Dkt. #1. At arraignment on April 27, 2016, the defendant was released on a fully secured appearance bond in the amount of $250,000.00. Dkt. #4. The bail bond was secured by the defendant's home. Dkt. #73, ¶ 14. Following the sale of that home, $253,000.00 was deposited into defense counsel's trust account to secure defendant's release. Dkt. #73, ¶ 34.

      On June 20, 2016, the Court granted defendant's motion to modify the terms and conditions of bail to permit defendant to practice as a neurologist under the supervision and control of other duly licensed physicians. Dkt. #13.

      On November 14, 2017, the defendant was arraigned on a superseding indictment charging him with 166 counts of conspiracy to distribute controlled

substances; unlawful distribution of controlled substances resulting in death; unlawful distribution of controlled substances; conspiracy to commit health care fraud; and health care fraud. Dkt.#66. The Court denied the government's motion to modify the terms and conditions of bail to prevent the defendant from practicing medicine. Dkt. #71.

Currently before the Court is defendant's motion to reduce the security for defendant's release to $25,000.00 and permit the remainder of the proceeds currently securing defendant's release to be used for future legal fees and expenses related to the defense of these charges. Dkt. #73, ¶¶ 34-35 & 39. Defense counsel aver that they have been unable to retain expert witnesses or begin serious preparation for trial because of the lack of funds to do so. Dkt. #73, ¶ 42. Defense counsel also aver that at least five different types of experts may be needed and notes that experts will need to review a large number of medical records, which will require an inordinate amount of preparation time. Dkt. #73, ¶¶ 44-45. Defense counsel suggest that denial of this motion might prompt a motion to withdraw as counsel given their expenditure of a substantial amount of time in defending this case "without receiving commensurate and reasonable fees." Dkt. #73, ¶¶ 46 & 48. Defense counsel further suggests that their inability to retain expert witnesses could cause defendant to suffer ineffective assistance of counsel. Dkt. #73, ¶ 58.

The government responds that the superseding indictment, with its more serious charges and higher potential penalties, increases defendant's risk of flight, especially given defendant's strong family ties in Hungary and substantial unrestrained

funds. Dkt. #75, pp.2-4. The government further responds that defendant has failed to establish an inability to fund his legal defense, noting that his estimated net worth was $688,000 at his arraignment. Dkt. #75, p.3. The government indicates that it requested an updated financial affidavit from defendant, but none has been provided. Dkt. #75, p.4. The government notes that, according to public records, defendant "is residing in a condominium unit on the Buffalo waterfront, where the average rent for the type of apartment that the defendant is renting is $4,200 per month" and that defendant had numerous vehicles registered under his name, including a 2011 & 2007 Audi; 2008 Mercedes Benz; 2008 Ducati; 2007 Maserati; 2006 Harley-Davidson; 2005 Infiniti; 2002 & 2001 Porsche; 2001 Lexus; 2000 Ferrari; 1997 Lamborghini; and a 1997 Lotus. Dkt. #75, pp.4 & Exh. D. Furthermore, the government notes that "defendant has failed to disclose income from his continued practice of medicine, which the Court allowed in part to enable the defendant to provide for himself and his legal representation." Dkt. #75, p.4. Thus, the government argues that the Court has no basis to find that the defendant lacks the means to fund his defense. Dkt. #75, p.4. In sum, the government argues that "[a] bare claim that the defendant is now not able to afford legal fees, without any documentation, and in the face of more serious charges carrying greater penalties under the Superseding Indictment, does not warrant the reduction of bail to one-tenth of the amount that the Court determined to be appropriate." Dkt. #75, p.6.

Although there is no absolute right to bail, a determination to set bail higher than an amount reasonably calculated to ensure the defendant's presence at trial is excessive under the Eighth Amendment. *United States v. Salerno*, 481 U.S. 739,

752 (1987).  The Bail Reform Act of 1984 affords the Court discretion to authorize pretrial release of a defendant subject to the least restrictive conditions which will reasonably assure: (1) the appearance of the defendant to answer the charges against him; and (2) the safety of the community. 18 U.S.C. § 3142(c)(1).  A defendant afforded release by a magistrate judge may file a motion for amendment of the conditions of release.  18 U.S.C. § 3145(a)(2).  The Court may amend the order to impose additional or different conditions of release at any time. 18 U.S.C. § 3142(c)(3).

The Sixth Amendment guarantees each defendant the right to effective assistance of counsel, but it does not guarantee a defendant representation by the attorney of his choice.  *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("a defendant may not insist on representation by an attorney he cannot afford.").  Restraint of assets untainted by the defendant's alleged crime violates the Sixth Amendment only where such assets are "needed to retain counsel of choice." *Luis v. United States*, __ U.S. __. 136 S. Ct. 1083, 1087-88 (2016) (agreeing that in so far as pretrial restraint of legitimate, untainted assets prevents a defendant from paying her lawyer, such restraint violates the Sixth Amendment). Even prior to that decision, a district court determined that there was no basis for defendant's Sixth Amendment argument seeking a reduction in bail where, *inter alia*, the defendant had sufficient unrestrained accounts available. *United States v. Hatfield*, No. 06-CR-0550, 2010 WL 291765, at *1-2 (E.D.N.Y. Jan. 11, 2010).  With respect to a co-defendant in that case, the district court also determined that there was no right to restrained funds potentially subject to criminal forfeiture unless the defendant could demonstrate that such funds were needed to pay attorneys'

fees or meet living expenses. *United States v. Hatfield*, No. 06-CR-0550, 2010 WL 291765, at *3 (E.D.N.Y. Jan. 11, 2010). Thus, demonstration of financial necessity is required. Finally, the Court notes that although the Criminal Justice Act of 1964 ("CJA"), affords the Court discretion to appoint counsel to represent defendant at any stage of criminal proceedings, and to provide resources for expert services, such a determination requires evidence of a defendant's financial inability to pay counsel whom he has retained. *United States v. Parker*, 439 F.3d 81, 91 (2d Cir. 2006), *cert. denied*, 549 U.S. 985 (2006).

In the instant case, defense counsel aver that the defense trust fund is virtually depleted, but provide no information to demonstrate that the defendant is unable to replenish that fund or otherwise provide for his legal defense. Defendant has not provided the Court with any information as to his current financial resources and there is no evidence that such resources, combined with defendant's continuing income from the practice of medicine, are insufficient to support his legitimate needs, including his legal defense. The Court notes that it carefully crafted terms and conditions of bail to mitigate potential harm to the community while permitting defendant to continue to earn income through the practice medicine so as to enable him to provide for his legitimate needs, including his legal defense.

In light of the lack of evidence that defendant is unable to pay for his legal defense, and upon consideration of defendant's strong familial ties to Hungary and a superseding indictment setting forth additional charges, including more serious charges

of unlawful distribution of controlled substances resulting in death, the Court finds no basis for a reduction in the security previously determined appropriate to ensure defendant's appearance. See Hatfield, 2010 WL 291765. at *2 (denying motion to reduce bail to pay legal and living expenses). Accordingly, defendant's motion (Dkt. #73), is denied.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**January 5, 2018**

　　　　　　　　　　　　　　　　　　　　　_s/ H. Kenneth Schroeder, Jr._
　　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**