UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                            Plaintiff,

v.

Case # 16-CR-46

**DECISION AND ORDER**

EUGENE GOSY,
                            Defendant.

## INTRODUCTION

Defendant Eugene Gosy, a medical doctor specializing in neurology and pain management, was charged in a 166-Count Superseding Indictment with offenses related to the unlawful distribution of controlled substances (Counts 1-148) and health care fraud (Counts 149-166). ECF No. 66. Dr. Gosy moves to sever these two groups of counts for separate trials. ECF No. 82. For the reasons set forth below, his motion to sever is DENIED.

## DISCUSSION

Dr. Gosy moves to sever for four reasons. First, he argues that the distribution counts are misjoined with health care fraud counts under Federal Rule of Criminal Procedure 8(a). In his second, third, and fourth arguments, he contends that joinder is prejudicial under Rule 14(a) because: the jury may cumulate the evidence against him, his counsel of choice is conflicted-out as to the health care fraud counts, and he wishes to testify as to the distribution counts but not the health care fraud counts. The Court addresses these arguments in turn.[1]

---

[1] In his Reply to the Government's Opposition to his Motion to Sever, ECF No. 91, Dr. Gosy also argues that Counts 149-166 of the indictment are multiplicitous and duplicitous and must be dismissed, and that therefore, the Government cannot argue that that those counts are connected to the distribution counts in order to defeat the motion to sever. The Court rejects Dr. Gosy's multiplicity/duplicity arguments in its Decision and Order adopting Magistrate Judge H. Kenneth Schroeder's Report and Recommendation and does not address them again here.

**I.      Joinder Under Rule 8(a)**

Rule 8(a) provides that

The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Dr. Gosy argues that the distribution charges and the health care fraud charges do not satisfy any of Rule 8(a)'s criteria for joinder.

However, other courts have found similar charges to be properly joined under Rule 8(a). For example, in *United States v. Kaplan*, 895 F.2d 618 (9th Cir. 1990), the indictment charged a doctor with unlawful distribution of controlled substances and with mail fraud in connection with a scheme to defraud insurance companies. *Id.* at 619-20. The Ninth Circuit upheld the joinder of those charges because they were "of a similar character in that they all revolve[d] around allegations that [the doctor] was acting in a criminal manner outside the usual course of his medical practice." *Id.* at 621. The court further explained that, "under Federal Rule of Evidence 404(b), evidence of these 'other acts' would be admissible to show motive, intent, or common scheme. Thus, the charges were properly joined because they do indeed show a common scheme and intent." *Id.*

Similarly, in *United States v. Dileo*, 859 F. Supp. 940 (W.D. Pa. 1994), the court found that mail fraud charges and drug distribution charges were properly joined where the government intended to use the same evidence and witnesses under Rule 404(b) and there was "sufficient commonality between defendant's alleged abuse of his position and powers as a physician, and his motive for doing so." *Id.* at 944. The court quoted the Second Circuit's decision in *United States v. Werner*, 620 F.2d 922, 927 (2d Cir.1980) for the proposition that "the element of 'common

scheme' as that phrase is used in Rule 8(a) is not necessary to support joinder where the crimes are similar due to the defendant's use of his particular position"). *Id*

In *United States v. Herpin*, No. CR H-04-442, 2005 WL 8158582, at *2 (S.D. Tex. Mar. 7, 2005), the court held that Medicare fraud charges and controlled substances charges, even though they alleged two separate conspiracies, were sufficiently related for joinder under Rule 8(a) where they all revolved around medical care, implicated the same defendants, and involved falsifying documentation. *Id.* at *2.

Similarly, here, Dr. Gosy is a medical doctor who is alleged to have abused that position by acting outside the scope of professional practice for his own financial gain. Both the distribution and the healthcare fraud charges involve Dr. Gosy's position as a doctor, his medical practice, and falsifying documentation. The Court is satisfied that the charges in this case are properly joined under Rule 8(a). The Court thus denies Dr. Gosy's motion to sever on this basis.

## II. Prejudice Under Rule 14(a): Relief from Prejudicial Joinder

"Even though distinct offenses have been properly joined under Rule 8, the court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." *Werner*, 620 F.2d at 928. Rule 14(a) provides that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." To warrant severance, "the defendant must show not simply some prejudice but substantial prejudice." *Id.* (citing *United States v. Ochs,* 595 F.2d 1247, 1260 ("We are reluctant to overturn a conviction for denial of a motion for severance unless there is a showing of substantial prejudice . . . . It is not sufficient merely to show that the accused would have had a better chance for acquittal at a separate trial.")).

For the reasons set forth below, none of Dr. Gosy's arguments under Rule 14(a) justify severance.

**A. Cumulation of Evidence**

Courts have recognized that, in cases where a defendant is charged with multiple crimes, "the jury may use the evidence cumulatively" so that, "although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all." *Werner*, 620 F.2d at 929 (quoting *United States v. Lotsch*, 102 F.2d 35, 36 (2d Cir. 1939) (Hand, J.)). However, as Judge Hand went on to explain, "[w]hen the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury." *Werner*, 620 F.2d at 292 (quoting *Lotsch*, 102 F.2d at 36).

Here, as in *Werner*, the Court is confident that a jury could disentwine Dr. Gosy's conduct regarding the two groups of charges. The distribution charges and the health care fraud charges, while related, are also distinguishable from each other such that a jury could competently separate the evidence. Further, the Court can instruct the jury not to consider the evidence cumulatively, and the jury is presumed to be able to follow the Court's instructions. *See id.* (holding that the "jury could readily examine [defendant's] conduct on the two different occasions separately" as the judge "clearly and repeatedly order it to do"); *United States v. Gracesqui*, 730 F. App'x 25, 29 (2d Cir. 2018) (summary order) (holding that district court appropriately instructed the jury not to cumulate Rule 404(b) evidence); *United States v. Teitler*, 802 F.2d 606, 617 (2d Cir. 1986) (acknowledging the strong presumption that juries can and will follow instructions to consider evidence separately).

Accordingly, the Court denies Dr. Gosy's motion to sever on this basis.

## B. Dr. Gosy's Inability to Use Counsel of His Choice

One of Dr. Gosy's attorneys, Jesse Baldwin, who has represented Dr. Gosy for years and with respect to matters unrelated to this case, was removed as his counsel of record in 2017 due to a conflict of interest. ECF No. 59. Mr. Baldwin's conflict of interest relates to the health care fraud counts, not the distribution counts, and so Dr. Gosy seeks severance so that Mr. Baldwin can represent him with respect to the distribution counts.

"While a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right." *United States v. Paone*, 782 F.2d 386, 392 (2d Cir. 1986). "Because the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing; although it may not compel defendant to proceed with incompetent counsel." *Walker v. United States*, 306 F. Supp. 2d 215, 225 (N.D.N.Y. 2004).

Here, the Court has already evaluated Dr. Gosy's Sixth Amendment rights in considering whether to remove Mr. Baldwin. Despite his rather dramatic claim that "[w]ithout Mr. Baldwin's participation, there is no way that Dr. Gosy will receive a fair trial," ECF No. 91 at 8, the Court notes, as it did previously, that Dr. Gosy's current attorneys, Mr. Greenman and Mr. Daniels, "are two of the most well qualified, experienced defense criminal trial lawyers in the Western District." ECF No. 59 at 4, citing ECF No. 49 at 14. And as the Court also previously pointed out, Mr. Baldwin is not barred from communicating with Dr. Gosy or his attorneys. ECF No. 59 at 13.

Accordingly, the Court denies Dr. Gosy's motion to sever on this basis.

## C. Dr. Gosy's Wish to Testify as to the Distribution Counts but not the Fraud Counts

Finally, Dr. Gosy explains that he wishes to testify as to the distribution charges but not the health care fraud charges. He thus argues that joinder of these charges prejudices him by forcing him to choose between testifying as to all counts or to none.

Courts have recognized that the dilemma of whether to testify to all or none of the charges against a defendant can prejudice him, but a defendant is nevertheless required to make a "convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Sampson*, 385 F.3d 183, 191 (2d Cir. 2004). The defendant must present enough information to explain the nature of the testimony he wishes to give as to one count and his reasons for not wishing to testify as to the other. *Id*.

Assuming for purposes of this decision that Dr. Gosy satisfies this requirement, severance is still not warranted. Severance would only be useful to Dr. Gosy if the Government would be prohibited from cross-examining Dr. Gosy regarding the health care fraud charges under Rule 404(b) during a separate distribution trial. Otherwise, Dr. Gosy would be required to testify to the very matters on which he wishes not to, which would defeat the purpose of severance. *See United States v. Gardner*, No. 2:10-CR-551-TC, 2012 WL 5285376, at *2 (D. Utah Oct. 25, 2012) ("Severance would not accomplish Mr. Gardner's stated goal. If the court allowed severance and Mr. Gardner chose to testify during the first trial on Count I, he would be subject to cross-examination during the first trial on evidence that would be presented during the second trial on Count II. A choice by Mr. Gardner to remain silent during a second trial on Count II would not solve the problem he wishes to avoid, because he will presumably have been required to testify on the very same evidence in the earlier trial."); *United States v. Ziegler*, No. CR 07-30024-01, 2007 WL 2022179, at *3 (D.S.D. July 9, 2007) ("[T]he evidence on each of these charges would likely be admissible in any event even if severance were to be granted. The defendant gains nothing by having separate trials. Accordingly, the benefit of a joint trial is not outweighed by a clear likelihood of prejudice.").

Without making a blanket ruling at this stage, the Court finds it likely that the Government will be able to introduce evidence related to the fraud charges with respect to the distribution charges, and vice versa, under Rule 404(b). The Second Circuit "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *Gracesqui*, 730 F. App'x at 29 (quoting *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012)). "The district court can, for example, admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *Id.* (quoting *United States v. Dupree,* 870 F.3d 62, 78 (2d Cir. 2017)); *see also v. Kaplan*, 895 F.2d at 621 (where a doctor was charged with unlawful distribution and mail fraud, the court held that 404(b) evidence would be admissible to show motive, intent, or common scheme).

Accordingly, the Court denies Dr. Gosy's motion to sever on this basis.

## CONCLUSION

For the foregoing reasons, Dr. Gosy's motion to sever (ECF No. 82) is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court